IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| ONEOK Rockies Midstream, L.L.C., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) **ORDER DENYING MOTION FOR** ) **LEAVE TO FILE UNDER SEAL** ) |
| Midway Machining, Inc., and Dakota Fluid Power, Inc., | ) ) Case No. 1:23-cv-044 ) |
| Defendants. | ) |

Before the Court is the Defendant's motion for leave to file under seal filed on September 25, 2023. See Doc. No. 28. The Defendant's have filed a motion for partial summary judgment and seek permission to file an exhibit thereto under seal. The exhibit is described as a settlement agreement reached in a related lawsuit. The exhibit is attached to the motion. See Doc. No. 28-1. For the reasons set forth below, the motion is denied.

It is well-established that there is a common-law presumption of public access to judicial records. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). "The presumption is based on the need for the federal courts to have a measure of accountability and for the public to have confidence in the administration of justice." United States v. Gray, 59 F.4th 329, 333 (8th Cir. 2023). This right of access is not absolute, but requires a weighing of competing interests. The decision to file a document under seal is a matter left to the sound discretion of the trial court. See Webster Groves Sch. Dist. v. Pulitzer Publ'g Co., 898 F.2d 1371, 1376 (8th Cir. 1990). A party seeking to seal a judicial record must demonstrate a compelling interest which overrides the qualified First Amendment right of public access enjoyed by the public and press. United States v. McDougal, 103 F.3d 651, 658 (8th Cir. 1996). A court deciding to seal a document must explain why sealing

was necessary and why less restrictive alternatives were not appropriate. See In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); In re Sealed Documents, Standing Order (D.N.D. Sept. 30, 2011).

Generally, a qualified right of access attaches to dispositive documents and materials filed in conjunction with dispositive motions. Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007); Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002) ("[D]ispositive documents in any litigation enter the public record notwithstanding any earlier agreement. How else are observers to know what the suit is about or assess the judges' disposition of it?"); Webster Groves, 898 F.2d at 1376 ("Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed.").

The Eighth Circuit has stated that "only the most compelling reasons can justify non-disclosure of judicial records." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (internal quotation marks omitted). "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." Shane Group, Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enter. Co. v. Super. Ct. of Cal., 464 U.S. 501, 509-11 (1984)). Therefore, the party seeking sealing must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." Baxter, 297 F.3d at 548.

The Defendants contend the settlement agreement is the subject of a confidentiality designation but provide no other basis for sealing the entire settlement agreement. The settlement

was necessary and why less restrictive alternatives were not appropriate. See In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); In re Sealed Documents, Standing Order (D.N.D. Sept. 30, 2011).

Generally, a qualified right of access attaches to dispositive documents and materials filed in conjunction with dispositive motions. Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007); Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002) ("[D]ispositive documents in any litigation enter the public record notwithstanding any earlier agreement. How else are observers to know what the suit is about or assess the judges' disposition of it?"); Webster Groves, 898 F.2d at 1376 ("Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed.").

The Eighth Circuit has stated that "only the most compelling reasons can justify non-disclosure of judicial records." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (internal quotation marks omitted). "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." Shane Group, Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enter. Co. v. Super. Ct. of Cal., 464 U.S. 501, 509-11 (1984)). Therefore, the party seeking sealing must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." Baxter, 297 F.3d at 548.

The Defendants contend the settlement agreement is the subject of a confidentiality designation but provide no other basis for sealing the entire settlement agreement. The settlement

agreement is between the Plaintiff and a third party. The origin of the confidential designation is unknown, but it was not this Court. The Defendants state it is the amount of the settlement that should remain confidential. The Plaintiffs have chosen a public forum to settle their dispute and cannot expect the Court to conduct itself in secret. Public access is the norm and Court records should rarely be unavailable to the public. In this case, the clear and least restrictive solution is redaction.

For the reasons set forth above, the motion for leave to file under seal (Doc. No. 28) is **DENIED**. However, the Defendants may file exhibit G with the amount of the settlement redacted.

**IT IS SO ORDERED.**

Dated this 27th day of September, 2023.

                                              */s/ Daniel L. Hovland*
                                              Daniel L. Hovland, District Judge
                                              United States District Court