IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| ONEOK Rockies Midstream, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER DENYING MOTION FOR** |
| vs. ) | **LEAVE TO FILE UNDER SEAL** |
| ) | |
| Midway Machining, Inc., and ) | |
| Dakota Fluid Power, Inc., ) | Case No. 1:23-cv-044 |
| ) | |
| Defendants. ) | |

Before the Court is the Defendant's motion for leave to file under seal filed on September 19, 2024. See Doc. No. 49. The Defendant's seek permission to file an exhibit (deposition transcript) to an anticipated motion in limine under seal. The exhibit is described as deposition transcript. The exhibit is attached to the motion. See Doc. No. 49-1. For the reasons set forth below, the motion is denied.

It is well-established that there is a common-law presumption of public access to judicial records. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). "The presumption is based on the need for the federal courts to have a measure of accountability and for the public to have confidence in the administration of justice." United States v. Gray, 59 F.4th 329, 333 (8th Cir. 2023). This right of access is not absolute, but requires a weighing of competing interests. The decision to file a document under seal is a matter left to the sound discretion of the trial court. See Webster Groves Sch. Dist. v. Pulitzer Publ'g Co., 898 F.2d 1371, 1376 (8th Cir. 1990). A party seeking to seal a judicial record must demonstrate a compelling interest which overrides the qualified First Amendment right of public access enjoyed by the public and press. United States v. McDougal, 103 F.3d 651, 658 (8th Cir. 1996). A court deciding to seal a document must explain why sealing

was necessary and why less restrictive alternatives were not appropriate. See In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); In re Sealed Documents, Standing Order (D.N.D. Sept. 30, 2011).

Generally, a qualified right of access attaches to dispositive documents and materials filed in conjunction with dispositive motions. Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007); Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002) ("[D]ispositive documents in any litigation enter the public record notwithstanding any earlier agreement. How else are observers to know what the suit is about or assess the judges' disposition of it?"); Webster Groves, 898 F.2d at 1376 ("Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed.").

The Eighth Circuit has stated that "only the most compelling reasons can justify non-disclosure of judicial records." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (internal quotation marks omitted). "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." Shane Group, Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enter. Co. v. Super. Ct. of Cal., 464 U.S. 501, 509-11 (1984)). Therefore, the party seeking sealing must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." Baxter, 297 F.3d at 548.

The Defendants contend the deposition transcript contains information related to a settlement agreement that is the subject of a confidentiality designation. The Defendants provide no other basis

for sealing the entire deposition transcript and have made no attempt at redaction. The settlement agreement is between the Plaintiff and a third party. The Defendants maintain the Plaintiffs have designated the settlement and its terms confidential. The designation of the information contained in the settlement agreement as confidential by the Plaintiffs is not a sufficient basis for filing a deposition transcript under seal. Generally, the desire to maintain confidentiality is not enough to overcome the "long-standing presumption of public access to litigation in the courts." CAA Sports LLC. v. Dogra, No. 4:18-cv-01887, 2018 WL 6696622, at *1 (E.D. Mo. Dec. 20, 2018). Sealing may be appropriate when necessary to "shield victim identities, protect trade secrets, secure matters of national security, honor the rules of sovereign nations, and conceal personal identifying information such as social security numbers or dates of birth." Id.; Howard v. Newrez, LLC, No. 4:21-CV-522, 2021 WL 2002998, at *2 (E.D. Mo. May 19, 2021). As the Seventh Circuit Court of Appeals has held, commercially sensitive information which underpins a judicial decision must be open to public inspection. Baxter, 297 F.3d at 545; FA ND Chev, LLC v. Kupper, No. 1:20-CV-00138, 2023 WL 4459605, at *4 (D.N.D. July 11, 2023) (refusing to seal commercially sensitive documents). The Seventh Circuit further noted that appellate records are presumptively public. Id.

The Court previously denied leave to file the settlement agreement itself under seal. See Doc. No. 29. The Plaintiffs have chosen a public forum to settle their dispute and cannot expect the Court to conduct itself in secret. Public access is the norm. Federal courts are public forums. Court records should rarely be unavailable to the public. Should this case go to trial the trial will be open to public along with all exhibits. In this case, the clear and least restrictive solution is redaction. See Doc. No. 30.

The Court finds the Defendants have not met their burden of demonstrating a compelling reason which overcomes the presumption of public access to judicial records. Accordingly, the motion for leave to file under seal (Doc. No. 49) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 25th day of September, 2024.

> */s/  Daniel L. Hovland*
> Daniel L. Hovland, District Judge
> United States District Court